J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MIGUEL SILVA,<br><br>Plaintiff<br><br>v.<br><br>SCOTT A. GREGORY; LANDSTAR RANGER, INC, a Foreign Corporation; DOES I through X; inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants | CASE NO:<br><br>**DEFENDANT LANDSTAR RANGER, INC.'S NOTICE OF REMOVAL** |

TO: DEBRA KEMPI, Clerk, United States District Court for the District of Nevada.

PLEASE TAKE NOTICE that Defendant LANDSTAR RANGER, INC. hereby removes to this Court the state court action entitled "MIGUEL SILVA, Plaintiff v. SCOTT A. GREGORY; LANDSTAR RANGER, INC, a Foreign Corporation; DOES I through X; inclusive; and ROE BUSINESS ENTITIES I through X, inclusive," Case No. A-22-846303-C filed in the Eighth Judicial District Court for Clark County, Nevada. A copy of the Complaint is attached hereto as Exhibit A. The grounds for removal are:

. . .

1

KNW 27471

1.   This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441(a)-(c), in that it is a civil action between Plaintiff, a citizen of Idaho, Defendants who are citizens of diverse residency, none of which reside in Idaho, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2.   Based upon information and belief, Plaintiff MIGUEL SILVA is a citizen of the State of Nevada. *See* Complaint ¶ 1.

3.   Defendant GREGORY A. SCOTT (improperly named as SCOTT A. GREGORY) is a resident of the State of Illinois.

4.   Defendant LANDSTAR RANGER, INC. is a corporation incorporated in the State of Delaware, with its principal place of business in Jacksonville, Florida.

5.   The Defendants sued as DOES I through X, inclusive and ROE CORPORATIONS I through XX, inclusive, are fictitious parties and not relevant to the determination of subject matter jurisdiction. *See* 28 U.S.C. § 1441(a) (stating "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

6.   Based upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Upon information and belief, Plaintiff MIGUEL SILVA is alleging to have incurred injury to his property, health, person, emotional well-being, and earning capacity. Plaintiff has alleged both past and future damages including medical treatment, lost wages, loss of household services, pain and suffering, and property damage. It is therefore expected that Plaintiff's medical damages and the amount in controversy exceeds the jurisdictional requirement. See Complaint ¶ 30 and 31.

. . .

. . .

KNW 27471

7. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)-(b) and Local Rule 8-1. This action was originally filed in the Eighth Judicial District for the State of Nevada, Clark County.

8. This notice of removal is timely filed within thirty (30) days after receipt of the paper that makes this case removable as required by 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of the Summons and Complaint which was filed on January 6, 2022, and served upon Defendant Landstar Ranger, Inc. on January 11, 2022. Upon information and belief, Defendant Gregory Scott has not been served with the Summons and Complaint.

9. Pursuant to 28 U.S.C. 1446(d), Defendant has prepared and will file with the Clerk of the Eighth Judicial District Court a Notice of Removed Action.

Dated this 19th day of January, 2022.

ALVERSON TAYLOR & SANDERS

_____
J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

KNW 27471

## CERTIFICATE OF ELECTRONIC SERVICE

I certify that on the 19th day of January, 2022, service of the above and foregoing **DEFENDANT LANDSTAR RANGER, INC.'S NOTICE OF REMOVAL** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

Ramzy P. Ladah, Esq.
LADAH LAW FIRM
517 S. Third Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

_____
Employee of ALVERSON TAYLOR & SANDERS

k:\z-client\27471\pleadings\notc of removal.doc

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

4

KNW 27471

# EXHIBIT A

Electronically Filed
1/6/2022 7:40 AM
Steven D. Grierson
CLERK OF THE COURT

```
1  COMP
   RAMZY P. LADAH, ESQ.
2  Nevada Bar No. 11405
   LADAH LAW FIRM
3  517 S. Third Street                         CASE NO: A-22-846303-C
   Las Vegas, NV 89101                           Department 16
4  litigation@ladahlaw.com
   T: 702.252.0055
5  F: 702.248.0055
   Attorney for Plaintiff
6                          DISTRICT COURT
7                       CLARK COUNTY, NEVADA
8  MIGUEL SILVA,
                                        CASE NO. _____
9             Plaintiff,
                                        DEPT. NO. _____
10    vs.
11 SCOTT A. GREGORY; LANDSTAR          COMPLAINT
   RANGER, INC, a Foreign Corporation;
12 DOES I through X, inclusive; and ROE
   BUSINESS ENTITIES I through X,
13 inclusive,
14            Defendant.
```

**COMES NOW** the Plaintiff, MIGUEL SILVA, by and through his counsel of record, RAMZY LADAH, ESQ., with the LADAH LAW FIRM, and for his claims of relief against the Defendants, and each of them, alleges and complains as follows:

## JURISDICTION

1. At all times relevant hereto, Plaintiff, MIGUEL SILVA, was and still is a resident of the County of Clark, State of Nevada.

2. That upon information and belief, at all times relevant hereto, Defendant, SCOTT A. GREGORY, was and still is a resident of the county of Clark, State of Nevada.

3. That upon information and belief, Defendant LANDSTAR RANGER, INC. ("RANGER"), was and is a Foreign Corporation, licensed and operating in Clark County, State of Nevada.

4. That upon information and belief, at all times relevant hereto, Defendant, SCOTT A. GREGORY, was and still is a resident of the county of Clark, State of Nevada

5. That the true names and capacities of the Defendants DOES I through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as DOES I through X are owners, operators and/or individuals or agencies otherwise within possession and control of the Defendant driver's motor vehicle herein mentioned and/or are the individuals who otherwise employed the named Defendant driver as related hereto. Plaintiff is informed, believes, and thereon alleges that Defendants ROE BUSINESS ENTITIES I through X, are owners of the motor vehicle driven by the named Defendant driver, or are the companies that are in some manner responsible for the actions of the named Defendant driver who was, or may have been, at the time of the subject collision its employee of Defendants designated as ROE BUSINESS ENTITIES I through X. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Specifically, the Defendant driver was, or may have been, employed and otherwise working for said DOE and ROE Defendants I through X while in the course and scope of the Defendant driver's employment and, as such, Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

## GENERAL ALLEGATIONS

6. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein.

7. At all times relevant hereto, particularly on January 26, 2020, Plaintiff was a was a restrained driver, driving eastbound on Tropicana Ave., west of the I-15 southbound ramp, in Clark County, Nevada.

8. At all times relevant hereto, Defendant, SCOTT A. GREGORY, was operating his vehicle when he failed to yield the right of way, thus striking the vehicle occupied by Plaintiff.

9. At all times relevant hereto, Defendant, SCOTT A. GREGORY, was an employee and or agent of Defendant RANGER.

10. At all times relevant hereto, Plaintiff sustained significant injuries as a result of Defendant's actions and the aforesaid collision.

## FIRST CAUSE OF ACTION
### (Negligence / Negligence Per Se)

11. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein.

12. At all times relevant hereto, Defendant negligently caused his vehicle to strike Plaintiff's vehicle, resulting in significant injuries to Plaintiff.

13. At all times relevant hereto, Nevada Revised Statutes – specifically NRS 484B.600 and NRS 484B.603 *et seq* - were designed and enacted to protect a class of persons, in particular motorists, to which Plaintiff belonged, and Plaintiff's damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

14. As a direct and proximate result of Defendant driver's aforesaid negligent actions, Defendant driver violated Nevada Revised Statutes and is, therefore, negligent per se.

15. As a direct and proximate result of Defendant driver's aforesaid negligent actions, Plaintiff was injured in her health, strength and activity, sustained injury to her body and shock and injury to her person, all of which has caused and continues to cause Plaintiff pain and suffering.

16. As a direct and proximate result of Defendant driver's aforesaid negligent actions, Plaintiff has incurred, and continues to incur, property damage, emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, medical expenses, and future medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

17. As a direct and proximate result of Defendant driver's aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Negligent Entrustment / Joint & Several Liability / Agency Respondeat Superior / Vicarious Liability)

18. Plaintiff repeats and realleges each and every fact and allegation contained in this

3

1  Complaint and incorporates the same herein by reference as though fully set forth herein.

2  19.  At all times relevant hereto, Defendant RANGER owned, maintained, and/or
3  controlled Defendant driver's vehicle, which was driven by Defendant GREGORY.

4  20.  At all times relevant hereto, Defendants RANGER negligently, carelessly, and
5  recklessly allowed Defendant GREGORY to drive a vehicle while performing services for
6  Defendant RANGER.

7  21.  At all times relevant hereto, RANGER negligently, carelessly, and recklessly
8  maintained and controlled Defendant GREGORY, thereby causing the subject accident.

9  22.  At all times relevant hereto, Defendant GREGORY was acting within the course and
10 scope of his employment, services, or agency with Defendant RANGER when the subject collision
11 occurred.

12 23.  At all times relevant hereto, Defendant GREGORY was acting within the course and
13 scope of his employment, services, or agency with Defendant RANGER when the subject incident
14 occurred and because Defendant GREGORY acted negligently, Defendant RANGER, and the DOE
15 and ROE Defendants, are vicariously liable for the injuries sustained by Plaintiff as alleged herein.

16 24.  As a direct and proximate result of the negligent acts of Defendant RANGER, it
17 breached the duty of reasonable care it owed to the general public and, in particular, to Plaintiff.

18 25.  As a direct and proximate result of the negligent acts of Defendant RANGER,
19 Plaintiff was injured in his health, strength and activity, sustained injury to his body and shock and
20 injury to her person, all of which has caused, and will continues to cause, the Plaintiff pain and
21 suffering.

22 26.  As a direct and proximate result of the negligent acts of Defendant RANGER,
23 Plaintiff has incurred, and continues to incur, property damage, emotional distress, pain and
24 suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity,
25 medical expenses, and future medical expenses, all to Plaintiff's general and special damages in an
26 amount in excess of fifteen thousand dollars ($15,000.00).

27 27.  As a direct and proximate result of the negligent acts of Defendant RANGER, it has
28 been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is

4

entitled to recover reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Policies/Procedures)

28. Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein.

29. Defendant RANGER acted negligently, among other reasons in failing to do the following:

   i. Establish and implement proper policies and procedures for employees, staff and agents working for Defendants;

   ii. Establish and implement proper policies and procedures for safely operating Defendants' vehicle(s);

   iii. Establish and implement proper policies and procedures for obeying the laws and rules of the road;

   iv. Properly, responsibly and prudently hire employees;

   v. Properly, responsibly and prudently investigate employees before hiring them;

   vi. Properly, responsibly and prudently supervise and/or manage employees once they were hired;

   vii. Properly, responsibly and prudently train employees or instruct them as to their duties;

   viii. Properly, responsibly and prudently monitor and regulate the conduct of employees;

   ix. Properly, responsibly and prudently delegate driving responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

   x. Properly, responsibly and prudently set up mechanisms to ensure that all Defendants' drivers are reasonably prudent to operate Defendants' vehicles on public roadways.

30. As a direct and proximate result of the negligent acts of Defendant RANGER, Plaintiff was injured in his health, strength and activity, sustaining shock and injury to his body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and

1  nervous pain and suffering.

2  31. As a direct and proximate result of the negligent acts of Defendant RANGER, Plaintiff has incurred, and continues to incur, property damage, emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and future medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

32. As a direct and proximate result of the negligent acts of Defendant RANGER, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for relief against the Defendants, and each of them, for each cause of action as follows:

1. For general damages and loss in an amount in excess of $15,000.00;
2. For special damages in an amount in excess of $15,000.00;
3. For Property Damage;
4. Interest and costs incurred by the Plaintiff in bringing his claims;
5. For attorney's fees; and
6. For such other and further relief as the Court may deem just and proper.

**DATED** this 5th day of January, 2022.

**LADAH LAW FIRM**

*/s/ Ramzy Ladah Esq.*

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
Attorney for Plaintiff